# Common Pleas of Luzerne Co.

### IN RE AUDITOR'S REPORT OF SHERIFF'S SALE OF REAL ESTATE OF PATRICK CADDEN.

The Real Estate of Cadden was sold at sheriff's sale and the fund arising therefrom distributed by an auditor. Prior to the sale Cadden confessed judgments to several parties. The first lien creditor entered his judgment in the name of Cadden and the second in the name of Caddin. The other judgment creditors entered their several judgments in the name of Cardin. The auditor awarded the fund in court to the first lien creditors, notwithstanding the evidence showed that Cadden was known as Cardin.

HELD—That the rule of idem sonans applied.

This case comes up for decision upon exceptions to an auditor's report, and a full statement of the facts is contained in the

Opinion by HANDLEY, J.

The principal question before the auditor in this matter was the name of the owner of the real estate sold. Jordan, a lien creditor contended that the defendant's name was Carden, while other lien creditors contended that his name was Cadden. Jordan was the first lien creditor. The land sold was conveyed to Patrick Cadden. The marriage record of Cadden corresponded with the name in the deed. Second. Witnesses were called before the auditor, and all testified that they knew the defendant for years and that his name was Cadden. In support, however, of the proposition that Carden was the name of the defendant, the defendant, his mother, and brother were called and all testified that the proper name was Carden, but admitted that sometimes he was called Cadden. The defendant could neither read nor write. When attempting to pronounce his name the defendant scarcely sounded, if at all, the letter "r", but pronounced his name as though it was spelled "Cahden." Jordan's judgment was entered against the defendant in his own name, and the auditor awarded the fund in court to his judgment. Kelly and Thompson, lien creditors, filed exceptions, all of which relate

to the name of the defendant. Rheinstorm & Co. filed exceptions in the same manner and to the same point. The only question raised, by these several exceptions, is, did the auditor err in applying the rule of *idem sonans?* We are of the opinion he did not. In the case of Bergman's Appeal, 9 Pitts. Leg. J., 93, where, in the distribution of a fund raised by the proceeds of a sheriff's sale of real estate, a list of liens was furnished on which appeared a judgment against Henry Heckman. The list of liens was ordered to be made against "John Henry Hackman. Under this showing Bergman's judgment was excluded; it was held, that in search for liens the appearance of the name to the eye was of more importance than the sound of the name to the ear. Slight investigation would have disclosed the fact that Hackman and Heckman were one and the same person, and that Bergman had a prior lien. In the present case the auditor did not leave this question in doubt. He had the defendant called, and several other parties, who all testified that "Carden," and "Cadden," were one and the same person, and that Jordan had a prior lien. The enrolment in the militia of D. P. Colburn, by the name of D. P. Coburn, is valid. Colburn vs. Bancroft, 23, Pick, 57. A person contracting, will be bound by any work as designated provided he signs it as a substitute for his name, and intends to be bound by it. Merchants' Bank, vs. Spicer, 6 Wind 443; Brown vs. Butchers and Drovers Bank, 6 Hill 443; Palmer vs. Stevens, 1 Dennis 471. "Mathews" and "Mather" are not *idem sonans,* Robson vs. Thomas, 55 Mo. 582; nor is "Daniel Kritler and Daniel Kladder," Brotherlien vs. Hammond, 69 Pa, St. Rep. 128. This last case grew out of the identification of two tracts of land, one owned by Kladder and the other by Kritler, and while disposing of the question, Agnew J. said "In such a case it would require very clear and satisfactory evidence that they were the same."

Exceptions overruled and report confirmed.

Ed. A. Lynch Esq., for report,

Messrs. Hannahs & Sturges Contra.